IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LENNY LYLE CAIN,    *

   Petitioner,    *

                                  Civil Action No. RDB-19-1907
v.    *    Criminal Action No. RDB-06-0551

UNITED STATES OF AMERICA,    *

   Respondent.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

This case arises from *pro se* Petitioner Lenny Lyle Cain's ("Petitioner" or "Cain") violation of supervised release following his conviction for narcotics violations. It has long been Cain's contention that his term of supervised release expired before the Probation Office filed a Petition on Supervised Release and sought a warrant for his arrest. This Court previously rejected this argument when it denied Cain's motion to dismiss the petition. (Order, ECF No. 267.) Following this Court's imposition of a six-month term of incarceration for his violation of supervised release, Cain presented the same argument to the United States Court of Appeals for the Fourth Circuit. (11/07/2013 Judgment, ECF No. 268.) The Fourth Circuit affirmed this Court's sentence. *See United States v. Cain*, 572 F. App'x 257 (4th Cir. 2014). Now pending is Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 298) and Supplemental Motion (ECF No. 300), in which he raises substantially the same argument. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Petitioner's Motions (ECF No. 298, 300) are DENIED.

**BACKGROUND**

On October 3, 2008, *pro se* Petitioner Lenny Lyle Cain ("Petitioner" or "Cain") pled guilty to Counts Three, Four, Five, and Six of a Second Superseding Indictment. (ECF No. 140). On December 18, 2008, this Court sentenced Cain to concurrent sentences of 12 months as to Count Three and 33 months as to Counts Five and Six. (12/22/2008 Judgment, ECF No. 156.) As to Count Four, this Court imposed a sentence of 24 months, to be served consecutive to the sentences imposed in Counts Three, Fix, and Six. (*Id.*) On December 14, 2009, the Fourth Circuit vacated Cain's conviction and sentence on Count Four and remanded this case for further proceedings. *United States v. Cain*, 355 F. App'x 758 (4th Cir. 2009).

On February 19, 2010, this Court sentenced Cain to a total of 33 months' imprisonment with credit dating from November 28, 2006. (02/19/2010 Judgment, ECF No. 203.) "Upon release from imprisonment," Petitioner was to be under supervised release for a total term of two years and seven months, or 31 months. (ECF No. 203.) As Cain had already served a term of imprisonment in excess of his new sentence, this Court contemplated that Cain would be immediately released from prison. (02/19/2010 Hr'g Tr. 9:4-8, ECF No. 277.) Nevertheless, as a result of a detainer related to charges in state court, this Court ordered Cain to be remanded to the custody of the United States Marshal. (*Id.* 9:23-10:8; 12:15-21.) Cain was not released from the Federal Bureau of Prisons until February 25, 2010.

On September 20, 2012, Cain was arrested in connection with narcotics violations for which he was ultimately convicted. *See United States v. Church, et al.* (ELH-12-0019). On September 24, 2012, United States Probation Officer Abigail O'Neill filed a petition and

request for a warrant for Cain's arrest. (ECF No. 240) (SEALED). This Court issued an arrest warrant for Cain that same day. (ECF No. 241.) On November 7, 2013, this Court conducted a hearing concerning the petition for the violation of supervised release and sentenced Cain to six months of incarceration, to be served consecutively with the sentence imposed in *United States v. Church, et al.* (ELH-12-0019). (11/07/2013 Judgment, ECF No. 268.) Subsequently, the United States Court of Appeals for the Fourth Circuit affirmed Cain's sentence. *United States v. Cain*, 572 F. App'x 257 (4th Cir. 2014).

Now pending is the Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 298) and a subsequently filed Supplemental Motion (ECF No. 300).

**STANDARD OF REVIEW**

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence

3

him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**ANALYSIS**

Cain's § 2255 petition rehashes an old argument, one that both this Court and the Fourth Circuit have rejected. Cain contends that the Probation Office's petition of September 24, 2012 was untimely because his term of supervised released ended on September 19, 2012. Stated another way, Petitioner claims that his 31 months of supervised release ran from the date of his re-sentencing, February 19, 2010, to September 19, 2012 and that any violation petition filed after that date was untimely. In support of this contention, Cain invokes three authorities: (1) this Court's comments during the February 19, 2010 re-sentencing hearing; (2) 18 U.S.C. § 3624; and (3) the United States Supreme Court's recent decision in *Mont v. United States*, 139 S. Ct. 1826 (2019). The Government contends that Cain's term of supervised released commenced on February 25, 2010, when he was released from the custody of the Bureau of Prisons, and lasted until September 25, 2012. Like the Petitioner, the Government relies on 18 U.S.C. § 3624 for support. The Government distinguishes *Mont* as inapposite and analogizes Cain's situation to the one presented in *United States v. Johnson*, 529 U.S. 53, 120 S. Ct. 1114 (2000).

The federal statute governing supervision after release, 18 U.S.C. § 3624, forecloses Petitioner's arguments. Section 3624(e) plainly states that, "[t]he term of supervised release commences on the day the person is released from imprisonment." This language absolutely prohibits a term of supervised release to commence any time before a prisoner is released

4

from the custody of the Bureau of Prisons. In this case, Petitioner was not released from imprisonment until February 25, 2010. Accordingly, his term of supervised released commenced on that date and was not scheduled to expire until September 25, 2010.

The United States Supreme Court has addressed this precise question and reached the same conclusion. *See United States v. Johnson*, 529 U.S. 53, 120 S. Ct. 1114 (2000). Johnson had been convicted on two counts related to drug trafficking in violation of 21 U.S.C. § 841(a), two counts of use of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c), and on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). *Id.* at 54-55. For these crimes, Johnson received a sentence of three concurrent 51-month terms on the § 841(a) and § 922(g) counts, to be served consecutively with two 60-month terms on the § 924(c) counts. *Id.* Additionally, the district court imposed a 3-year term of supervised release. *Id.* at 55. After Johnson's 924(c) convictions were vacated, the district court modified his sentence to 51 months of imprisonment. *Id.* The district court ordered his immediate release because he had already served more than that amount of time. *Id.*

Following his re-sentencing, Johnson filed a motion requesting the district court to reduce his term of supervised release by 2.5 years, the extra time he had served. *Id.* The district court denied relief, but a divided Court of Appeals reversed. *Id.* The United States Supreme Court ruled that the plain language of § 3624(e) foreclosed Johnson's request. *Id.* at 56. The Court explained that the language "on the day the person is released" appearing in the statute "suggests a strict temporal interpretation, not some fictitious or constructive earlier

time." *Id.* at 57. The Court specifically held that the statute "does not say 'on the day the person is released *or on the earlier day when he should have been released*'" and, accordingly, Johnson's sentence reduction did not retroactively start the clock on his term of supervised release. *Id.* (emphasis added)

Citing to *Johnson*, this Court rejected Petitioner's bid to dismiss the violation petition. (11/6/2013 Hr'g Tr. 18:8-9, ECF No. 282.) Likewise, the United States Court of Appeals for the Fourth Circuit summarily affirmed this Court's sentence with citation to *Johnson*. *See United States v. Cain*, 572 F. App'x 257 (4th Cir. 2014). *Johnson* remains dispositive. Certainly this Court anticipated that Petitioner would be released at the date of his re-sentencing, and perhaps he should have been in accordance with this Court's instructions.[1] Nevertheless, the Supreme Court has unequivocally stated that the time when the prisoner "should have been released" is not dispositive. Only the actual date counts.

The Supreme Court's recent decision in *Mont v. United States*, 139 S. Ct. 1826 (2019) does not affect this analysis. In *Mont*, the Supreme Court considered whether a period of pretrial detention imposed after a prisoner is released from federal custody tolls the period of supervised release. *Mont*, 139 S. Ct. at 1832. The Court focused on the third sentence of § 3624(e), which reads as follows: "A term of supervised release does not run during any period

---

[1] During the February 19, 2010 re-sentencing hearing, this Court expressed an unwillingness to stay Petitioner's term of supervised release during the pendency of state proceedings. Specifically, this Court stated that it was not "inclined to have this period of supervised release stayed or tolled in any way . . . . He shall be placed on supervised release for a period of two years and seven months, the period to end on September 19, 2012." (ECF No. 277 at 13:2-20.) There is no dispute, however, that Petitioner was not released until February 25, 2010. As explained *supra*, this date is the controlling date under *Johnson* and § 3624(e). *See also* 11/06/2013 Hr'g Tr. 18:8-9, ECF No. 282 ("The government has noted the Supreme Curt's case of *United States versus Johnson*, which controls here.")

6

in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." § 3624(e). The Court held that a "pretrial detention later credited as time served for a new conviction . . . tolls the supervised-release term under § 3624(e)." *Mont*, 139 S. Ct. at 1832. *Mont* did not revise *Johnson*'s holding that supervised release may only commence upon the release from federal custody. Accordingly, *Mont* has no applicability to this matter.

**CONCLUSION**

In sum, Cain's term of supervised released commenced on February 25, 2010, when he was released from the custody of the Bureau of Prisons, and lasted until September 25, 2012. The U.S. Probation Office timely filed its Petition on Supervised Release on September 24, 2012. Accordingly, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 298) and Supplemental Motion (ECF No. 300) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: January 30, 2020

                                                                              \_\_\_\_\_/s/_____

                                                              Richard D. Bennett
                                                              United States District Judge